## Case No. 3,072.

### In re COMSTOCK.

[8 Ben. 235.][1]

District Court, S. D. New York. Aug., 1875.

POWER OF REGISTER IN BANKRUPTCY—OATH OF CONFORMITY—EVIDENCE.

1. The oath of conformity, prescribed by section 5113 of the Revised Statutes of the United States as necessary to be taken and subscribed by a bankrupt before his discharge, may be taken by him before any register, or any commissioner of a circuit court of the United States at any place within the district of such register or commissioner.

2. Such oath is evidence, within the meaning of section 5003 of the Revised Statutes.

The register having charge of this case certified to the court as follows:

"In the above entitled matter, the bankrupt [Erwin G. Comstock], who, before and at the time of his adjudication, resided in the county of Greene, in this district, has re-

[2] [From 2 N. B. R. 561 (Quarto, 171).]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

moved out of said district, to another state. He now petitions for his discharge, and proposes, for the sake of his personal convenience, to take the oath of conformity, an essential and an indispensable requisite to his discharge, before a register not in charge of the case, and not acting for nor at the request of the register in charge, and at a time and place other than that for which notice of hearing has been published and served on the creditors who have proven debts. A register can pass the last examination of the bankrupt (Rev. St. § 4998, subd. 10), and administer the oath of conformity (section 5113). By section 5007, 'any register may act in the place of any other register appointed by and for the same district court.' It appears to me, the oath of conformity should be taken before the register in charge of the case, or a register of the same district, acting for him; that, otherwise, a register is unauthorized to act therein, and, therefore, the oath before him would be irregular and void. The remarks of Judge Lowell in Re Hazelton [Case No. 6,287], do not seem to me to harmonize with the requirements of the bankruptcy statutes."

BLATCHFORD, District Judge. The requirement of section 5113 is, that "the bankrupt must take and subscribe an oath" to a certain specified effect. The register before whom the proceedings are pending can administer such oath, for he is expressly authorized, by section 4998, "to administer oaths in all proceedings before him." But it by no means follows that the oath cannot be taken before a register other than the one before whom the proceedings are pending, even though he be a register of another district, provided he administers the oath within the district for which he is a register. Section 5003 provides that "evidence or examination in any of the proceedings under this title may be taken before * * * a register in bankruptcy * * * in writing, before a commissioner of the circuit court, or by affidavit." Section 5004 provides, that a register "shall have power to administer oaths in all cases and in relation to all matters in which oaths may be administered by commissioners of circuit courts." These sections warrant such a practice. The "oath" in question is "evidence." The expression, "a register in bankruptcy," in section 5003, is not limited to the register before whom the proceedings are pending or to a register of the district. By section 945, "affidavits, when required or allowed in any civil cause, in any circuit or district court, may be taken by a commission of the circuit court for the district." It has been the practice in this district, to allow the oath in question to be taken before a register or a commissioner of a circuit court of the United States, at any place within the district of such register or commissioner. Such practice is proper. The taking of such oath in no manner trenches

upon the duty or function of the register before whom the proceedings are pending, to pass the last examination of the bankrupt, nor is the officer who administers such oath to be regarded as thereby acting in place of such register, within the meaning of section 5007.